PROVIDENCIA PLANIS, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 747.    Argued March 5, 1931.—Decided June 19, 1931.

*A. L. López* for petitioner.    *González Fagundo & González Jr.* for intervener.

MR. JUSTICE WOLF delivered the opinion of the Court.

From the petition in this case and the essential facts it may be taken for granted that Isabel Osorio Naranjo sought to obtain a declaration of heirship of her minor children in their capacity as the sole, natural grandchildren of Román Boada. The children claim through their father, Pedro Boada, an, alleged natural child of Román Boada.

The petition was presented on June 27, 1930, and on the 24th of September, 1930, Providencia Planis, the petitioner in this writ of certiorari, presented an application to the District Court of Humacao to intervene in the said case. The said petition was accompanied by a motion of opposition. The theory of the application and the motion for opposition was that Román Boada died testate leaving all his property to the petitioner Providencia Planis; that Pedro Lasanta, father of the said children, was in fact never acknowledged by Román Boada as his natural child, and that if Pedro Lasanta ever had a right to be acknowledged, his right prescribed in 1905.

The petition of Providencia Planis was opposed, the court heard the issues on the 24th of November, 1930, and on the first of December, 1930, rendered an order wherein it declared that after hearing the parties and examining the records, and the interest of the petitioner, Providencia Planis, not appearing from the motion, the motion of Providencia Planis was denied. It appears from the record that the court did more than examine the motion; it entered into the merits of the application of Providencia Planis.

The petitioner appealed from the order of the court and also presented a motion for reconsideration. The motion for reconsideration was denied.

On the 10th of January, 1931, Isabel Osorio made an application to the court and obtained an order for the payment of $1,000 of the funds of the estate and the order was executed.

From the recital of the petition in this case it does not appear that any application or suggestion was made to the court to stay proceedings pending the appeal from the order denying intervention. The petitioner, Providencia Planis, in this application for a certiorari before us, disclaims any intention to discuss the merits of the petition for intervention, but solely limits herself to maintain that the District Court of Humacao was without jurisdiction pending the appeal from the order denying the right to intervene.

The petitioner relies on section 297 of the Code of Civil Procedure, as follows:

"Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from."

Two cases are relied on: *Pescay* v. *Texidor,* 26 P.R.R. 155 and *Martínez* v. *Crosas,* 27 P.R.R. 87. In each of these cases the persons who attack the right of the court to proceed to discuss other matters were parties in the proceed-

ing before the court. In the present case Providencia Planis did not become a party; the court below denied her that right.

We are quite agreed with the respondents when they say that if the denial of a motion of intervention and the consequent appeal could paralyze all proceedings in a court, then almost any proceeding of civil nature might be indefinitely postponed; that the petitioner never became a party, and that the only right involved here is the matter of intervention and not the merits of the suit.

The respondents also maintain that the right of the petitioner to intervene was denied on the merits of the case. The petitioner suggests that if a motion for intervention is entirely frivolous it could be rapidly disposed of by the court below and similarly on appeal. We do not think, however, that the courts should be subjected to any such complicated procedure. On the contrary, there are other ways, perhaps by an independent suit including an injunction with a bond, of suspending proceedings if there is any merit or apparent merit in the claim of a person. The right of intervention is to such an extent discretionary that it could never be assumed in the appellate court that a petitioner had a natural right of intervention. This must be shown on the appeal. Although it can be readily imagined that in some cases this would work a handicap, the handicap would be decidedly less than subjecting all cases to a paralyzation. Section 297 of the Code of Civil Procedure literally does not support the contention of petitioner. The only matter involved in the appeal is the right to intervene and not the other matters pending in the suit.

The writer has always had some doubt as to whether proceedings in a district court should be suspended without a supersedeas bond and has yielded to the literal words of the law. However, if the contention of the petitioner could prevail, a new and stronger doubt would arise in his mind.

The writ of certiorari must be annulled.